UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| LIBARDO TABOADA, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:18-CV-453 |
| § | |
| STATE FARM LLOYDS, *et al*, § | |
| § | |
| Defendants. § | |

# **ORDER**

Before the Court is Plaintiffs' Motion for Leave and Motion for Reconsideration of Dismissal of Extra-Contractual Claims (D.E. 18) and Defendant's response (D.E. 19). Plaintiffs seek the Court's reinstatement of their extra-contractual claims by standing on the sufficiency of their notice letters. In so doing, Plaintiffs continue to fail to articulate the factual bases for their extra-contractual claims. In support of their position, Plaintiffs cite for the first time, *Perrett v. Allstate Ins. Co.*, 354 F. Supp. 3d 755, 757 (S.D. Tex. 2018). In *Perrett,* a similarly cryptic notice letter[1] was found sufficient as implying the factual bases of the plaintiff's claims. *Perrett* is immediately distinguishable from this case—if for no other reason—in that it did not involve a plaintiff's extraordinary delay or contumacious conduct in failing to comply with the Court's orders.

Plaintiffs do not cite any Texas opinions construing the notice requirement and the Court has not found any. *See* Tex. Ins. Code § 542A.003(b)(1) (requiring "a statement of the acts or omissions giving rise to the claim"). Absent Texas authority setting out

---

[1] The notice letter attached as Exhibit F to Plaintiff's motion is not a true and correct copy of the Perrett notice letter as it contains additional notations and was clearly not taken from the record in *Perrett. See Perrett*, D.E. 5-2.

whether the acts and omissions must be actual facts or may be implied by a formulaic recitation of claims, the Court determines that justice will be better served by deferring this matter to the ordinary pleading process and the requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and the remedies of Federal Rule of Civil Procedure 12(b)(6).  Consequently, the Court **VACATES** the Order Dismissing Claims (D.E. 16) and instead **ORDERS** as follows:

Because this case was removed from state court, the Court **ORDERS** Plaintiffs to replead pursuant to federal standards.  Fed. R. Civ. P. 81(c)(2).  Plaintiffs are **ORDERED** to file their amended complaint on or before **November 4, 2019**.  Defendants will then have the opportunity to challenge the pleading pursuant to Rule 12 and the ordinary time constraints provided by the rules of civil procedure.

**TAKE NOTICE** that the Court will not tolerate any further delays or noncompliance with Court orders from Plaintiffs in this case.

ORDERED this 30th day of October, 2019.

*/s/ Nelva Gonzales Ramos*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE