UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LIBARDO TABOADA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-453 |
| | § | |
| STATE FARM LLOYDS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION TO DISMISS

By Order of October 30, 2019, this Court required Plaintiffs to replead according to the federal pleading standards on or before November 4, 2019. D.E. 22. Plaintiffs timely filed their amended complaint. D.E. 23. On November 15, 2019, Defendant State Farm Lloyds (State Farm) timely filed its "Rule 12(b)(6) Motion to Dismiss Plaintiffs' Extracontractual Claims" (D.E. 25). Plaintiffs responded (D.E. 28) and Defendant replied (D.E. 29). For the reasons set out below, the motion is GRANTED IN PART and DENIED IN PART.

### A. Standard of Review

#### 1. Rule 8(a)(2) Pleading Standard

The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources devoted to meritless claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore,

"Pleadings must be construed so as to do justice." Rule 8(e). The requirement that the pleader show that he is entitled to relief requires "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. Those factual allegations must then be taken as true, even if doubtful. *Id*. In other words, the pleader must make allegations that take the claim from conclusory to factual and beyond possible to plausible. *Id*. at 557. The *Twombly* court stated, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

The Supreme Court, elaborating on *Twombly*, stated, "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In dismissing the claim in *Iqbal*, the Court stated, "It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." 556 U.S. at 681.

2. **Rule 9(b) Pleading Standard**

The heightened pleading standard of Rule 9(b) applies to any claim for fraud and causes of action in which the gravamen of the claim is fraud even though the theory

supporting the claim is not technically termed fraud. *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001).

> At a minimum, Rule 9(b) requires allegations of the particulars of "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1297, at 590 (1990); *see Keith v. Stoelting, Inc.*, 915 F.2d 996, 1000 (5th Cir. 1990). Allegations about conditions of the mind, such as defendant's knowledge of the truth and intent to deceive, however, may be pleaded generally. Fed. R. Civ. P. 9(b).

*Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992). The Rule 9(b) pleading standard is sometimes described as requiring the who, what, when, where, and how of the fraudulent conduct.

### B. Discussion

As a preliminary matter, State Farm notes that the amended complaint fails to state any claims against the individual Defendants, Jovan Marjanovich and Leilani V. Harmon. Plaintiffs concede that they are no longer pursuing their claims against these individuals. D.E. 28, p.1. Therefore, the Court DISMISSES Defendants Marjanovich and Harmon from this case. State Farm also notes that it does not challenge Plaintiffs' breach of contract claim or their claim for violation of the Prompt Payment Act, Texas Insurance Code § 542.058. D.E. 25, p. 1, 2 n.1. Those claims remain.

However, State Farm does challenge the remaining extra-contractual claims:

> (1) misrepresenting a material fact or policy provision relating to coverage (§ 541.060(a)(1));
>
> (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement (§ 541.060(a)(2));

(3) failing to provide a reasonable explanation for denial of the claim (§ 541.060(a)(3));

(4) refusing to pay without conducting a reasonable investigation (§ 541.060(a)(7));

(5) failing to timely accept or reject the claim (§ 542.056); and

(6) engaging in knowing or reckless conduct and violating the duty of good faith and fair dealing, applicable to claims for additional or exemplary damages.

D.E. 25. Each challenge is addressed below.

1. **Misrepresenting a Material Fact or Policy Provision Relating to Coverage (§ 541.060(a)(1))**

State Farm contends that Plaintiffs' misrepresentation claim fails for two reasons: (1) the allegations refer only to post-loss statements, which are not actionable; and (2) the factual pleadings lack sufficient detail. Plaintiffs allege the following:

- State Farm stated that cracks and sheet rock damage was not covered because it was pre-existing and/or caused by uncovered events, such as foundation settlement. D.E. 23, ¶ 10, 15, 28.

- State Farm denied or underpaid the claim, including representing that the roof damage could be adequately repaired by replacing only 32 individual tiles and doing nothing to replace or repair the waterproof membrane underneath the tiles. *Id*.

These allegations do not support a misrepresentation claim.

Under Texas law, if the insured does not rely to his detriment on the misrepresentation when making a decision, there is no actionable claim. *Provident Am.*

*Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 (Tex. 1998); *Royal Globe Ins. Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 695 (Tex. 1979). Had State Farm represented that it was selling Plaintiffs the windstorm coverage they sought at the time of their purchase and the policy did not, in fact, include windstorm coverage, then Plaintiffs would have a claim. However, there is no actionable misrepresentation as to coverage when State Farm sold windstorm coverage, admits that the coverage is in place, but disagrees about what damage has been caused by that peril. *See Royal Globe*, 577 S.W.2d at 694 (distinguishing coverage representations made at time plaintiff purchased policy from those made after plaintiff suffered a loss). The post-loss "misrepresentation" amounts to only a contract dispute about causation of damages.

Plaintiffs have not pled any detrimental reliance on State Farm's opinion on the causation of damages. Instead, they attempt to distinguish *Provident American* and *Royal Globe* by limiting them to cases brought under the Texas Deceptive Trade Practices Act (DTPA). But *Provident American* and *Royal Globe* both involved claims under the Texas Insurance Code of 1951, article 21.21, which was later codified as Texas Insurance Code, chapter 541. Act of May 28, 2003, 78th Leg. R.S.,_ch. 1274. Moreover, Plaintiffs have not briefed any reason that misrepresentations under the DTPA and Insurance Code should be treated differently. The cases are not limited to DTPA actions.

Plaintiffs also argue that the semantics of the Texas Insurance Code dictate a different result. More specifically, they argue that the statute's references to a "claim" and "claimant" mean, by definition, that actionable conduct takes place post-loss—once the insured has become a claimant. The statute states:

> It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a ***claim*** by an insured or beneficiary: (1) misrepresenting to a ***claimant*** a material fact or policy provision relating to coverage at issue . . . .

Tex. Ins. Code § 541.060(a)(1) (emphasis added). To require an actionable misrepresentation to precede the loss, Plaintiffs continue, would be "nonsensical."

Plaintiffs offer no authority for this statutory construction. Indeed, their construction runs counter to case law in that it would render inactionable misrepresentations to a policy purchaser before he suffers a covered loss because, at that time, he would not be a "claimant" according to Plaintiffs' definition. Clearly, such representations are actionable. *Royal Globe*, 577 S.W. 2d at 694. The Court rejects Plaintiffs' semantic argument.

The Court does not find the misrepresentations complained of to be anything more than a contract dispute. The amended complaint does not refer to a misrepresentation relating to coverage, as it is undisputed that the policy afforded windstorm coverage. The dispute is only whether the windstorm at issue, Hurricane Harvey, caused the damages that Plaintiffs seek. A difference of opinion on that matter does not rise to the level of a misrepresentation of material fact regarding coverage.

Because the claimed misrepresentations are not actionable, the Court need not and does not address whether the fact pleadings are sufficient under the federal pleading standards. The motion to dismiss is GRANTED IN PART and the § 541.060(a)(1) claim is DISMISSED.

### 2. Failing to Attempt in Good Faith to Effectuate a Prompt, Fair, and Equitable Settlement (§ 541.060(a)(2); Common Law Duty of Good Faith and Fair Dealing

State Farm challenges Plaintiffs' pleading of a breach of good faith claim under the Insurance Code and common law because Plaintiffs complain only of the final decision; they do not complain of any acts leading up to that final decision. The statutory and common law requirements of good faith on the part of an insurance company are treated identically. *Mid-Century Ins. Co. of Texas v. Boyte*, 80 S.W.3d 546, 549 (Tex. 2002).

The factual allegations for this claim are the same as for the misrepresentation claim set out above. State Farm's argument that the allegations do not demonstrate a lack of good faith is premised on a Northern District of Texas opinion that has interpreted the term "effectuate" in the statute to refer only to acts that precede the decision of what the insurance company will pay. *Thomas v. State Farm Lloyds*, 2015 U.S. Dist. LEXIS 150130, 2015 WL 6751130 *10 (N.D. Tex. 2015) (Boyle, J.) (reciting that claims may be based on unreasonable delay, failing to obtain necessary legal opinions, and hiring professionals known to make findings favoring insurers, and citing *Denley Grp., LLC v. Safeco Ins. Co. of Ind.*, No. 15-CV-1183, 2015 WL 5836266, at *4 (N.D. Tex. Sept. 30, 2015) (Boyle, J.) and *Linron Props., Ltd. v. Wausau Underwriters Ins. Co.*, No. 15-CV-0293, 2015 WL 3755071, at *5 (N.D. Tex. June 16, 2015) (Boyle, J.)). According to that interpretation, the duty of good faith does not provide for liability on the basis of an offer that is inadequate regarding the extent of damages covered.

The statute provides:

> It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary: . . . failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of: . . . a claim with respect to which the insurer's liability has become reasonably clear . . . .

Tex. Ins. Code § 541.060(a)(2). Without adopting the limiting construction of *Thomas* and its family of cases in the Northern District, the Court finds that Plaintiffs have stated a claim within that limit, rendering State Farm's challenge moot. Plaintiffs have claimed that State Farm has failed or refused to fully investigate the viability of its conclusion that individual tile repair will comply with the policy, given the claims of a ruptured waterproof membrane and the inability to procure matching tiles.

The heightened pleading requirement of Rule 9(b) does not apply to these allegations.

> To state a claim for 'breach of the duty of good faith and fair dealing, the plaintiff must allege that there is no reasonable basis for denial of a claim or delay in payment or a failure on the part of the insurer to determine whether there is any reasonable basis for the denial or delay. An objective standard is utilized to determine whether a reasonable insurer under similar circumstances would have delayed or denied payment of the claim. A plaintiff need not prove that the defendant fraudulently denied or failed to sufficiently investigate the claim.

*Stewart v. Nationwide Prop. & Cas. Ins. Co.*, No. CIV.A. H-10-3021, 2011 WL 4592256, at *5 (S.D. Tex. Sept. 29, 2011) (internal quotation marks and citations omitted) (rejecting the application of Rule 9(b) to a breach of good faith claim). *See also, Gomez*

*v. Nationwide Prop. & Cas. Ins. Co.*, No. 5:15-CV-67, 2016 WL 6816215, at *6 (S.D. Tex. Feb. 26, 2016) (Magistrate Judge); *but see*, *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (finding Rule 9(b) to apply to an Insurance Code violation claim, which included breach of the duty of good faith, where the factual allegations were of false, fraudulent, and deceptive representations).

The Court finds that the factual allegations related to this claim are not based on fraud and are sufficiently detailed at this juncture to satisfy Rule 8(a). State Farm is in possession of the information regarding how the roof repair conclusion was drawn and communicated. And Plaintiffs are not suggesting that their claim is based on communications outside of that exchange. Consequently, the motion to dismiss is DENIED IN PART with respect to the claims alleging a breach of the duty of good faith and fair dealing.

### 3. Failing to Provide a Reasonable Explanation for Denial of the Claim (§ 541.060(a)(3))

State Farm challenges this claim because it is conclusory and formulaic in violation of Rule 8(a) and *Twombly/Iqbal*. State Farm also argues that the pleading acknowledges the reasonable explanation State Farm gave for denying parts of the claim. The Court considers this challenge separately as to (a) the cracks and sheet rock damage and (b) the roof repair.

According to the pleading, State Farm's decision on the cracks and sheet rock damage are based on what it believes to be the result of a peril or time frame that the policy does not cover. This was communicated when that part of the claim was denied.

Nothing in the pleading elucidates why that explanation for denial is "unreasonable" as opposed to merely incorrect. The Court finds that the allegations are insufficient to state a claim under § 541.060(a)(3) with respect to the cracks and sheet rock damage.

However, allegations regarding the roof repair do speak in terms of State Farm limiting the repair to replacement of individual tiles without investigating and determining whether such matching tiles were available and whether the repair would cure or create problems with the underlying waterproof membrane. Such allegations go to the reasonableness of the explanation for denying a part of the damages and state a plausible cause of action.

For these reasons, the motion is DENIED IN PART with respect to the claim for failing to provide a reasonable explanation for the denial of a claim.

4. **Refusing to Pay Without Conducting a Reasonable Investigation (§ 541.060(a)(7))**

The same analysis of the § 541.060(a)(3) claim applies to the (a)(7) claim. State Farm argues that alleging that it did an outcome-oriented investigation is factually insufficient under *Twombly/Iqbal*. But the pleading does more. It alleges that State Farm made a decision about the manner in which the roof repair should be accomplished without even trying to determine if it would be feasible or effective. And, contrary to State Farm's suggestion, a failure to conduct a reasonable investigation does not require proof of fraud. Therefore, the heightened pleading standard of Rule 9(b) does not apply. *E.g., Aviles v. Allstate Fire & Cas., Ins. Co.*, No. 5:19-CV-00023, 2019 WL 3253077, at

*2 (S.D. Tex. July 9, 2019), *report and recommendation adopted*, No. 5:19-CV-23, 2019 WL 3412433 (S.D. Tex. July 29, 2019).

For these reasons, the motion to dismiss is DENIED IN PART with respect to the claim for failure to conduct a reasonable investigation.

### 5. Failing to Timely Accept or Reject the Claim (§ 542.056)

State Farm challenges this claim because it does not appear to be adequately pled. Plaintiffs admit that they did not intend to state a claim on this basis in their amended complaint, but reserve the right to raise it if discovery supplies the necessary information to support it. D.E. 28, ¶ 30. Therefore, the motion to dismiss is GRANTED IN PART and the Court DISMISSES WITHOUT PREJUDICE the claim for failing to timely accept or reject the claim.

### 6. Engaging in Knowing or Reckless Conduct and Violating the Duty of Good Faith and Fair Dealing

State Farm complains of the sufficiency of Plaintiffs' allegations of knowing or reckless conduct associated with the claims for violation of the Texas Insurance Code and the common law duty of good faith and fair dealing. However, "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b). To the extent that the underlying claims survive the Rule 12 motion to dismiss, the accompanying allegations regarding knowledge or reckless conduct likewise survive. The motion to dismiss is DENIED IN PART with respect to the allegations of knowledge and reckless conduct to support additional or exemplary damages.

## CONCLUSION

For the reasons set out above, the motion to dismiss (D.E. 25) is GRANTED IN PART and the Court DISMISSES WITHOUT PREJUDICE:

- All claims against Defendants Jovan Marjanovich and Leilani V. Harmon;

- All claims for violation of Texas Insurance Code § 541.060(a)(1); and

- All claims for violation of Texas Insurance Code § 542.056.

The motion (D.E. 25) is DENIED IN PART with respect to all remaining claims.

ORDERED this 17th day of January, 2020.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE